**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>475 L'Enfant Plaza SW<br>Washington, DC 20260<br><br>*Defendant*. | Case No. 26-cv-2875 |

**COMPLAINT**

1. On June 2, 2026, the United States Postal Service ("USPS") published in the Federal Register a Notice of Proposed Rulemaking, Ballot Mail for Federal Elections, 91 Fed. Reg. 32915, 32917-18 (June 2, 2026) (to be codified at 39 C.F.R. pt. 111).

2. In that notice, USPS invited stakeholders and members of the public to comment on the proposed rule.

3. Plaintiff Campaign Legal Center submitted a request under the Freedom of Information Act ("FOIA") seeking all such comments received by USPS, but USPS failed to respond within the statutory timeframes.

4. Campaign Legal Center now brings this action against USPS under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records responsive to Campaign Legal Center's FOIA request.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

8. Plaintiff Campaign Legal Center is a nonpartisan, non-profit section 501(c)(3) organization dedicated to advancing democracy through law at the federal, state, and local levels. Campaign Legal Center works extensively on issues related to elections and voting rights, to ensure every American's right to responsive government and a fair opportunity to participate in and affect the democratic process. To protect and improve the democratic system, Campaign Legal Center uses tactics such as litigation, policy advocacy, and other public education tools. The organization is incorporated under the laws of the District of Columbia.

9. Defendant U.S. Postal Service (USPS) is an agency of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USPS has possession, custody, and control of records that Campaign Legal Center seeks.

## STATEMENT OF FACTS

10. On July 8, 2026, Campaign Legal Center submitted a FOIA request to USPS seeking the following records from May 28, 2026, through July 3, 2026:

> All comments submitted to the Postal Service regarding or in response to the Notice of Proposed Rulemaking published in the Federal Register on June 2, 2026, entitled "Ballot Mail for Federal Elections." *See* Ballot Mail for Federal Elections, 91 Fed. Reg. 32915 (June 2, 2026) (to be codified at 39 C.F.R. pt. 111).

*See* Ex. A.

11. The FOIA request included a request for expedited processing. *Id.*

12. On July 8, 2026, USPS auto-acknowledged receipt of the FOIA request and assigned it Case No. 2026-FPRO-02897.

13. On July 28, 2026, USPS sent a letter stating that the request was being referred to the Vice President, Product Solutions. *See* Ex. B.

14. As of the date of this Complaint, Plaintiff has received no further communications from USPS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

15. As of the date of this Complaint, Defendant has failed to: (a) notify Campaign Legal Center of a final determination regarding its FOIA request, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

16. Through Defendant's failure to respond to Plaintiff's FOIA request within the time period required by law, Plaintiff has constructively exhausted its administrative remedies and now seek immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

17. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. Plaintiff properly requested records within Defendant's possession, custody, and control.

19. Defendant is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records.

20. Defendant has failed to promptly and adequately search for agency records that are responsive to Plaintiff's FOIA request.

21. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

22. Plaintiff Campaign Legal Center is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to its FOIA request.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

23. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. Plaintiff properly requested records within Defendant's possession, custody, and control.

25. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA request.

26. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA request.

27. Defendant's failure to provide all non-exempt responsive records violates FOIA.

28. Plaintiff Campaign Legal Center is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Campaign Legal Center respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to its FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA request with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 14, 2026

Respectfully submitted,

/s/ *David Kronig*
David Kronig (D.C. Bar No. 1030649)
Anna Baldwin (D.C. Bar No. 998713)
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
dkronig@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org

*Counsel for Plaintiff*