# EXHIBIT A

CLC
ADVANCING DEMOCRACY THROUGH LAW

July 8, 2026

VIA Portal

Deputy Chief FOIA Officer
Privacy and Records Management Office
US Postal Service
475 L'Enfant Plaza SW RM 1P830
Washington DC 20260

RE: Request Under the Freedom of Information Act

Dear FOIA Officer,

Campaign Legal Center (CLC) submits this request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., and your agency's implementing regulations, for the records specified below.

## I. Records Requested

CLC requests the following records:

> All comments submitted to the Postal Service regarding or in response to the Notice of Proposed Rulemaking published in the Federal Register on June 2, 2026, entitled "Ballot Mail for Federal Elections." *See* Ballot Mail for Federal Elections, 91 Fed. Reg. 32915 (June 2, 2026) (to be codified at 39 C.F.R. pt. 111).

Please provide all records from May 28, 2026, through July 3, 2026.

## II. Application for Fee Waiver or Limitation of Fees

### A. The request is made for non-commercial purposes and will contribute significantly to public understanding of the operations or activities of government.

FOIA provides that the agency shall furnish requested records without charge or at reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities

of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 39 C.F.R. § 265.9(j).

The requested materials involve matters of significant public interest. Specifically, these records will shed light on the public response to the Postal Service's attempts to exert significant control over mail-in and absentee voting, and will therefore also inform an understanding of how the Postal Service subsequently responds to the public interest. These details are not already publicly available, and the records will provide a more thorough public understanding of the operations of the government.

CLC will use records responsive to this request in the creation of widely disseminated materials and analysis that will educate the public about these matters and the operations of the government. CLC anticipates analyzing the materials gathered through this FOIA request to develop reports, write blogs, and author op-eds. CLC's research and reports are widely disseminated on its blog,[1] through its own website,[2] through social media platforms like Facebook,[3] and Twitter,[4] and regular emails to its supporters, among other communications outlets.

CLC staff have significant knowledge in ethics and government accountability, and news media regularly rely upon CLC's analysis and expertise.[5] In addition to its own blogs and reports, CLC anticipates analyzing the requested records and disseminating the materials among traditional news outlets. CLC is a non-profit public interest organization organized under Section 501(c)(3) of the Internal Revenue Code, and this request is made for non-commercial purposes.

For these reasons, we request that any applicable fees associated with this request be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). A fee waiver in this instance would fulfill Congress's intent in amending the FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (quotation marks omitted)).

---

[1] *See* Campaign Legal Center blog at https://campaignlegal.org/latest.

[2] *See* "Toolkits, Reports, and Resources," Campaign Legal Center, https://campaignlegal.org/toolkits.

[3] *See* https://www.facebook.com/CampaignLegalCenter/.

[4] *See* https://twitter.com/CampaignLegal.

[5] *See, e.g., Washington Journal: Delaney Marsco on Congress and Stock Trading Rules*, C-SPAN (Jan 25, 2022), https://www.c-span.org/video/?517386-4/delaney-marsco-congress-stock-trading-rules; Luke Broadwater, *Ethics Investigators in Congress Increasingly Run Into Walls*, N.Y. TIMES (Dec. 28, 2021), https://www.nytimes.com/2021/12/28/us/politics/congress-ethics-investigations.html; Amy B. Wang, *House Republicans pass ethics changes that Democrats say would hamper probes*, WASH. POST (Jan. 9, 2023), https://www.washingtonpost.com/politics/2023/01/09/house-ethics-rules/.

**B. CLC qualifies for a fee waiver as a "representative of the news media."**

CLC additionally requests that it not be charged search or review fees for this request because the organization meets the definition of a "representative of the news media" for purposes of the FOIA, since CLC "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(II)-(III); *see also* 39 C.F.R. § 265.9(b)(8).

As the D.C. Circuit has held, the "representative of the news media" test is focused on the requestor rather than the specific FOIA request. *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1121 (D.C. Cir. 2015). CLC satisfies this test because CLC applies its expertise and editorial skills to turn raw materials into reports, articles, and op-eds that are widely disseminated on its blog,[6] through its own website,[7] through social media platforms and regular emails to its supporters, and through other communications outlets. CLC additionally applies editorial skill to analyze and disseminate materials to other news media outlets, which regularly cite and rely upon CLC's work. The D.C. Circuit has held that a requester may qualify as a news media entity if it "'distribute[s] [its] work' by issuing press releases to media outlets in order to reach the public indirectly." *Cause of Action*, 799 F.3d. at 1125-26.

Courts have found that other organizations with functionally similar missions and that have engaged in similar public education activities qualify as "representatives of the news media," even if engaged in litigation or other advocacy beyond educating the public about the operations of government. *See, e.g.*, *Cause of Action*, 799 F.3d at 1121-25 (finding a public interest advocacy organization that comments to other media outlets about documents it obtains under FOIA a news media requester); *Judicial Watch, Inc. v. DOJ*, 133 F. Supp. 2d 52, 53-54 (D.D.C. 2000) (finding "public interest law firm" Judicial Watch a news media requester); *Elec. Privacy Info. Ctr. v. DOD*, 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003) (finding nonprofit public interest group that published a biweekly email newsletter a news media requester). As Congress made clear: "It is critical that the phrase 'representative of the news media' be interpreted broadly if the act is to work as expected . . . . In fact, any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986), cited in *Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1386 (D.C. Cir. 1989).

***

In the event a full fee waiver is not granted, CLC may not be charged for the first two hours of search time, or for the first hundred pages of duplication. CLC does not at this time authorize processing costs exceeding $100. Please contact CLC using the below contact information and advise CLC of the cost of this request if processing costs exceed $100.

---

[6] *See* Campaign Legal Center blog at https://campaignlegal.org/latest.
[7] *See* "Media Center," Campaign Legal Center, https://campaignlegal.org/media-center.

## III. Application for Expedited Processing

I certify to be true and correct to the best of my knowledge and belief that the information requested is urgently needed in order to inform the public concerning actual or alleged government activity and that CLC is primarily engaged in disseminating information it receives to the public. Accordingly, CLC requests that the processing of this request be expedited pursuant to 39 C.F.R. § 265.5(c)(1)(ii).

*First,* CLC is an organization "primarily engaged in disseminating information" within the meaning of the statute. *Id.* As described *supra* section II, CLC obtains and analyzes government information and widely publishes and disseminates research and reports to the public and media. These activities are critical to CLC's work and among CLC's primary activities. CLC plans to analyze and disseminate to the public information gathered through this request, at no cost to the public.

*Second*, the requested records are urgently needed to inform the public about actual or alleged government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); 39 C.F.R. § 265.5(c)(1)(ii). Specifically, the records concern a rulemaking that has been the subject of dozens of news stories and which are directly relevant to multiple ongoing high-profile lawsuits.

The rulemaking has received widespread news coverage from across a wide range of news sources, including television,[8] national print media,[9] national business news,[10] local print media,[11] issue-focused online media,[12] and more. It has also been criticized

---

[8] Dan Cooney, *Under proposed rule, USPS won't deliver mail ballots to states that don't provide voter rolls, postmaster general says*, PBS News (June 24, 2026), https://www.pbs.org/newshour/politics/watch-under-proposed-rule-usps-wont-deliver-mail-ballots-to-states-that-dont-provide-voter-rolls-postmaster-general-says.

[9] Chantelle Lee, *Postal Service Plans Not to Deliver Mail Ballots to States Unless They Hand Over Voter Data*, Time (June 25, 2026), https://time.com/article/2026/06/25/postal-service-not-to-deliver-mail-ballots-to-states-unless-they-hand-over-voter-data/;

[10] Luke Fountain, *Postal Service proposes requiring states to provide mail-in ballot voter lists*, CNBC (May 29, 2026), https://www.cnbc.com/2026/05/29/postal-service-mail-in-ballot-voter-lists-trump.html.

[11] Jake Goldstein-Street, *Postal Service skips hearing with WA lawmakers on mail-in ballot rules*, Wash. State Standard (June 22, 2026), https://washingtonstatestandard.com/2026/06/22/postal-service-skips-hearing-with-wa-lawmakers-on-mail-in-ballot-rules/.

[12] Dion Nissenbaum & Votebeat staff, *USPS proposal to carry out Trump's executive order could create new barriers to mail voting*, Votebeat (May 29, 2026), https://www.votebeat.org/national/2026/05/29/usps-mail-ballot-rules-trump-executive-order/; Molly Roberts, *What's up with Trump's Mail-In Voting Executive Order?*, Lawfare (June 29, 2026), https://www.lawfaremedia.org/article/what-s-up-with-trump-s-mail-in-voting-executive-order.

by experts from across the political spectrum.[13] The rulemaking has also been enjoined by two different federal district courts,[14] and is relevant to active, ongoing appeals in both cases as well as at least one additional case in federal district court.[15] Records responsive to this request would shed light on the public response to this proposed rulemaking, and the nature of the comments will shed light on whether and how the Postal Service takes public sentiment into account with any further action on this or related rulemaking efforts.

Because the public interest is high, and because the records are relevant to active, ongoing litigation, the need to inform the public is urgent and this application for expedited processing should be granted.

Pursuant to applicable statutes and regulations, CLC expects a determination regarding expedited processing within 10 days. *See* 5 U.S.C. § 552(a)(6)(E)(ii).

## IV. Delivery of Requested Records

In order to expedite delivery of these requested documents and to reduce possible fees incurred, CLC requests that these documents be delivered either digitally via email (in PDF format), or on a data disk via the U.S. Postal Service. Please email copies of responsive documents to dkronig@campaignlegalcenter.org. In the alternative, if email production is not possible, please mail copies of responsive documents to:

David Kronig
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, D.C. 20005

---

[13] *See, e.g.*, Molly Beck, *Wisconsin election leaders urge USPS to drop ballot delivery rule*, Milwaukee J. Sentinel (July 6, 2026), https://www.jsonline.com/story/news/politics/2026/07/06/wisconsin-election-leaders-urge-usps-to-drop-ballot-delivery-rule/90786387007 (bipartisan opposition from leaders of Wisconsin Elections Commission).

[14] Order, *California v. Trump*, No. 1:26-cv-11581 (D. Mass. June 25, 2026), Dkt. No. 191, *available at* https://about.usps.com/newsroom/global/pdf/191-memorandum-order-injunction-re-eo-14399.pdf; Mem. Op., *NAACP v. U.S. Postal Service*, No. 20-cv-2295-EGS (D.D.C. July 1, 2026), Dkt. No. 182, *available at* https://www.citizen.org/wp-content/uploads/opinion.pdf.

[15] *DSCC v. Trump*, No. 1:26-cv-01114 (D.D.C.).

Should you elect, for any reason, to withhold, redact, or deny the release of any record responsive to this request, CLC requests that you provide an explanation for each withholding/redaction, along with pertinent legal citations.

Please confirm receipt of this request and provide an estimate of processing time. Thank you for your prompt attention to this matter.

Respectfully,

*/s/ David Kronig*

David Kronig
Senior Legal Counsel
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
(202) 347-1972