UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER<br>Plaintiff,<br>v.<br>UNITED STATES POSTAL SERVICE,<br>Defendant. | Civil Action No. 26-2875 (CKK) |

**ANSWER**

Defendant United States Postal Service ("Defendant") respectfully submits this Answer to the Complaint filed by Plaintiff Campaign Legal Center ("Plaintiff") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant expressly denies any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant admits, denies, or otherwise responds to the Complaint in like numbered paragraphs[1] as follows:

**COMPLAINT**

1. Defendant admits the allegations in this paragraph.

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles contained in the Complaint. Although Defendant believes that no response is required to such headings and titles (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2. Defendant admits the allegations in this paragraph.

3. Defendant admits that it received a FOIA request from Plaintiff. The remaining allegations consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies those allegations.

4. This paragraph consists of Plaintiff's characterizations of its Complaint and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that they have committed any violations of law and denies allegations of fact.

**JURISDICTION AND VENUE**

5. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction under the FOIA, as limited by the relief available under FOIA.

6. This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is appropriate in the District of Columbia.

7. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that they have committed any violations of law and that Plaintiff is entitled to relief. To the extent that the paragraph purports to allege that Defendant has not produced any agency records in response to Plaintiff's FOIA request, Defendant admits but denies any remaining allegations of fact.

**PARTIES**

8. This paragraph consists of Plaintiff's characterization of itself, about which Defendant lacks sufficient knowledge or information as to the truth of the allegations and on that basis denies them.

9. Defendant admits that it is an independent establishment of the executive branch of the Government of the United States and that it is headquartered in Washington, D.C. The remaining allegations contained in the paragraph are legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies.

**STATEMENT OF FACTS**

10. Defendant admits that it received a FOIA request from Plaintiff, dated July 8, 2026. Defendant respectfully refers the Court to the referenced request for a complete and accurate statement of its contents and denies any allegation inconsistent with the request's plain language, meaning, or context.

11. Defendant respectfully refers the Court to the previously referenced FOIA request for a complete and accurate statement of its contents and denies any allegation inconsistent with the request's plain language, meaning, or context.

12. Defendant admits to having acknowledged receipt of the FOIA request by a response dated July 8, 2026, and that Plaintiff's request was assigned FOIA Case No. 2026-FPRO-02897. To the extent that Plaintiff's allegations are characterizations of Defendant's response, Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies any allegation inconsistent with the response's plain language, meaning, or context.

13. Defendant admits to having sent a letter to Plaintiff on July 28, 2026, stating that the request was forwarded to the Vice President, Product Solutions. To the extent that Plaintiff's allegations are characterizations of Defendant's full response, Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies any allegation inconsistent with the response's plain language, meaning, or context.

14. Defendant admits that Plaintiff has received no further communication regarding this FOIA request as of the date of the complaint .

15. Defendant admits only that as of the date of the Complaint it has not produced the requested records or provided the basis for any relevant exemptions. The remaining allegations in the paragraph are Plaintiff's characterizations and legal conclusions to which no responses are required. To the extent a response is deemed required, Defendant denies that it has committed any violations of law and to the extent that there remain any allegations of fact, Defendant denies.

16. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**COUNT I**

**Violation of FOIA, 5 U.S.C. § 552**

**Failure to Conduct Adequate Searches for Responsive Records**

17. Defendant incorporates by reference its responses to all preceding paragraphs as fully set forth herein.

18. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

19. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

20. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

21. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

22. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to injunctive and declaratory relief.

**COUNT II**

**Violation of FOIA, 5 U.S.C. § 552**

**Wrongful Withholding of Non-Exempt Responsive Records**

23. Defendant incorporates by reference its responses to all preceding paragraphs as fully set forth herein.

24. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

25. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

26. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

27. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

28. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to injunctive and declaratory relief.

**REQUESTED RELIEF**

The remaining paragraphs in the Complaint set forth Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Pursuant to Rule 8(b) of the

Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted here.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly imposed upon Plaintiff.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**THIRD DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FOURTH DEFENSE**

Plaintiff's FOIA request is improper to the extent it is unduly burdensome or does not reasonably describe the records sought at required by 5 U.S.C. § 552(a)(3)(A).

**FIFTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA requests, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

**SIXTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**SEVENTH DEFENSE**

Defendant's actions did not violate FOIA or any other statutory or regulatory provision.

Dated: September 16, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Dhruman Sampat*
DHRUMAN SAMPAT
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2525
Dhruman.sampat@usdoj.gov

*Attorneys for the United States of America*